**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**DENNIS MURPHY, as Personal
Representative of the ESTATE OF
DANIEL TURNER, deceased, and
WALTER and TAMARA TURNER,**

       **Plaintiffs,**

   **vs.**                             **Civ. No. 19-639  RB/JFR**

**THE CITY OF FARMINGTON, and
JAMES PRINCE, JAMES MOORE,
ZACK WOOD and JESSE GRIGGS,
in their individual capacities,**

       **Defendants.**

**ORDER ADOPTING JOINT STATUS REPORT AND
PROVISIONAL DISCOVERY PLAN WITH CHANGES AND
<u>SETTING CASE MANAGEMENT DEADLINES</u>**

    **THIS MATTER** came before the Court at a Rule 16 scheduling conference held on

October 10, 2019.  Following a review of the parties' Joint Status Report and Provisional

Discovery Plan filed on September 30, 2019  (Doc. 10),  and after conferring with counsel, the

Court adopts the Joint Status Report and Provisional Discovery Plans modified as follows:

    a)       Maximum of twenty-five (25) Interrogatories by each party to any other party;

    b)       Maximum of twenty-five (25) Requests for Admission by each party to any other

           party;

    c)       Maximum of ten (10) depositions by Plaintiffs and ten (10) depositions by

           Defendants; and,

d)      Depositions of parties, Rule 30(b)(6) designees and experts are limited to seven (7)

hours, and depositions of all other witnesses are limited to three (3) hours, unless

extended by agreement of the parties.

The following case management deadlines have been set:

a)      Deadline for Plaintiffs to amend and join additional
        parties by written consent or to seek leave of the
        court to amend and join additional parties in
        compliance with Fed. R. Civ. P. 15(a)(2):                 30 Days Following
                                                                  Any Motion to Dismiss

b)      Deadline for Defendants to amend and join additional
        parties by written consent or to seek leave of the
        court to amend and join additional parties in
        compliance with Fed. R. Civ. P. 15(a)(2):                 15 Days Following
                                                                  Any Amended Answer

c)      Plaintiffs' Rule 26(a)(2) expert disclosure[1]:           December 10, 2019

d)      Defendants' Rule 26(a)(2) expert disclosure[1]:           January 17, 2020

e)      Termination date for discovery[2]:                        March 31, 2020

f)      Motions relating to discovery to be filed by:[3]          April 20, 2020

g)      Pretrial motions other than discovery motions (including
        motions which may require a *Daubert* hearing) filed by:  April 30, 2020

h)      Pretrial Order: Plaintiffs to Defendants by:              June 15, 2020
                        Defendants to Court by:                   June 29, 2020

---

[1] Parties must disclose the names of all expert witnesses, the subject matter on which the experts will present evidence, and a summary of the facts and opinions to which the experts are expected to testify by this date.  Experts who are retained or specifically employed to provide expert testimony must also submit an expert report by this date.  *See* Fed. R. Civ. P. 26(a)(2). The parties must have their retained expert(s) ready to be deposed at the time they identify them and provide their reports. Expert witnesses who are not required to provide a written report may be deposed before summary disclosure.

[2] Discovery must be completed on or before this deadline.

[3] This deadline should not be construed to extend the twenty-one day time limit in D.N.M.LR-Civ. 26.6.

Parties may not modify case management deadlines on their own. Good cause must be shown and the Court's express, written approval obtained for any modification of the case management deadlines set forth herein. Any requests for additional discovery must be submitted to the Court by motion prior to the expiration of the discovery.

Pursuant to Federal Rule of Civil Procedure 16(b)(3)(B)(v), "before moving for an order relating to discovery, the movant must request a conference with the court" to attempt to informally resolve the dispute.[4] Fed. R. Civ. P. 16(b)(3)(B)(v). Discovery motions may be summarily denied if a movant fails to conform to this requirement. If the parties engage in motion practice, the "[m]ovant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M.LR-Civ. 7.1. Further, the Court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37, or a motion to quash or modify a subpoena pursuant to Fed. R. Civ. P. 45(c), unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. *See* Fed. R. Civ. P. 37(a)(1) (explaining that any motion for an order compelling disclosure or discovery must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action). Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute. A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate,

---

[4] The Court will permit the parties to extend the 21-day time limit for filing a motion to compel pursuant to Local Rule 26.6 by stipulation, as long as the extension does not impact the court-ordered discovery motions deadline.

or in good faith attempt to do so.  Absent exceptional circumstances, parties should converse in person or telephonically.

The parties must supplement their disclosures or discovery responses pursuant to Fed. R. Civ. P. 26(e)(1) within thirty (30) days of learning any disclosure or response is incomplete or incorrect.  After the close of discovery, parties must supplement their disclosures or discovery responses as soon as possible, but no later than seven (7) days after learning of the need to supplement.

**IT IS SO ORDERED.**

**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**