IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DENNIS MURPHY, as Personal Representative
of the Estate of DANIEL TURNER, deceased,
and WALTER and TAMARA TURNER,

      Plaintiffs,

v.          No. CIV 19-0639 RB/JFR

THE CITY OF FARMINGTON, and JAMES
PRINCE, JAMES MOORE, ZACK WOOD, and
JESSE GRIGGS, in their individual capacities,

      Defendants.

## MEMORANDUM OPINION AND ORDER

In June 2018, law enforcement officers with the Farmington Police Department were dispatched to assist Daniel Turner, who was suspected to be under the influence of drugs, was self-harming, and was acting aggressively toward his parents. Officers James Prince, Zack Wood, Mark Moore, and Sergeant Jesse Griggs responded and secured Turner in handcuffs in a prone position. Shortly thereafter, Turner suffered a cardiac arrest and the officers unsuccessfully attempted to resuscitate him. Plaintiffs brought this civil rights action, alleging one federal claim for excessive force and two state law claims. Plaintiffs argued that the officers caused Turner's death by unnecessarily keeping him in a face-down, prone position after he was subdued.

Defendants moved for summary judgment on the basis of qualified immunity. The Court determined that clearly established law did not put the officers on notice "that keeping a handcuffed person in a prone position for at least three minutes, under circumstances where the person may be under the influence of drugs and is actively struggling or resisting but does not pose an obvious threat to others, would violate that person's constitutional rights." (Doc. 97 at 14–15.) Accordingly, the Court granted summary judgment to Defendants and dismissed the state law

claims without prejudice. (*See id.* at 23–24.)

Defendants, as the prevailing party, now move to tax costs under Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920. Defendants request a total of $6,613.35. (*See* Docs. 101 at 4; 101-A at 1.) The costs were incurred for: (1) the report of Defendants' expert, Dr. Vilke; (2) depositions; (3) attorney travel for depositions; and (4) delivery of a flash drive to the Court. (*See* Doc. 101 at 3–4.) Plaintiffs object to the costs claimed for Dr. Vilke, some of the deposition costs, and travel. (*See* Doc. 105.) Having considered the parties' arguments, exhibits, and relevant law, the Court will grant Defendants' motion in part.

**I.     Legal Standard**

Under Federal Rule of Civil Procedure 54, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "[A] civil rights litigant should look to the general federal statutory entitlement for court costs under [28 U.S.C.] § 1920." *English v. Colo. Dep't of Corr.*, 248 F.3d 1002, 1012 (10th Cir. 2001) (citation omitted). In relevant part, section 1920 provides that "[a] judge . . . may tax as costs . . . Fees and disbursements for printing and witnesses; . . . Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; . . . [and] Compensation of court appointed experts . . . ." 28 U.S.C. § 1920.

"A prevailing party bears the burden of establishing the amount of costs to which it is entitled." *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009) (citation omitted). The Court has discretion to award or deny costs to the prevailing party, but "Rule 54 creates a presumption that [the C]ourt will award costs to the prevailing party." *Id.* at 1147 (quotation omitted). The Court "must provide a valid reason for denying such costs." *Id.* (quotation

marks and citations omitted).

**II.     Analysis**

    **A.     Dr. Vilke's Expert Report**

Defendants seek the costs they incurred to secure Dr. Vilke's expert report, which the parties discussed in their summary judgment briefs. (Doc. 101 at 3.) Defendants seek $640.00 total for Dr. Vilke's work spanning 17.5 hours over 16 days at the lay witness fee rate of $40.00 per day. (*Id.* (citing *Huffman v. Caterpillar Tractor Co.*, 908 F.2d 1470, 1478 (10th Cir. 1990) (noting that "unless authorized by statute or express agreement, expert witness fees are recoverable only within the federal statutory limit for other witnesses")).) They argue that both parties used Dr. Vilke's testimony in their summary judgment briefs, and that it "was instrumental in the Court's Memorandum Opinion." (*Id.* (citing Doc. 97 at 8).)

As an initial matter, the Court disagrees with the assertion that Dr. Vilke's report was "instrumental" in its decision. The Court referred to both parties' expert reports in the fact section of its Opinion. Dr. Vilke believed "that the officers' actions in attempting 'to control and restrain [Turner] did not cause or contribute to his cardiac arrest.'" (Doc. 97 at 8 (quoting Doc. 33-3 at 2).) Plaintiffs' expert, Dr. Stein, believed the opposite. (*See id.*) In its analysis, the Court noted that under the summary judgment standard, it would "assume throughout [its] opinion that the prone restraint contributed to [Turner's] death[,]" as opined by Dr. Stein. (*See id.* at 13 n.7.) Thus, the Court did not rely on Dr. Vilke's opinion in rendering a decision on Defendants' motion for summary judgment.

Plaintiffs object to an award of costs for Dr. Vilke and argue that Defendants are not entitled to recover expert fees under the rules. (Doc. 105 at 6–7.) Section 1920 allows the Court to tax as costs experts who are "court appointed." 28 U.S.C. § 1920(6). Under this Court's Local

Rules, "[a]n expert witness fee is not taxable under 28 U.S.C. §1920 unless the Court, *sua sponte* or on motion by a party, appoints the expert and approves the fee amount." D.N.M. LR-Civ. 54(c)(2). Dr. Vilke was not appointed by the Court.

Defendants contend that even though Dr. Vilke was not court-appointed, they may recover his fees pursuant to the same Local Rule, which goes on to provide that "[a]n expert witness not appointed by the Court will be paid the same fee as a lay witness." *Id.* (*See also* Doc. 108 at 5.) Defendants are incorrect.

The discretion to tax costs arises under Federal Rule of Civil Procedure 54(d) and "is constrained by 28 U.S.C. §§ 1821 and 1920." *Brown v. Butler*, 30 F. App'x 870, 876 (10th Cir. 2002) (quoting *Chaparral Res., Inc. v. Monsanto Co.*, 849 F.2d 1286, 1292 (10th Cir. 1988) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444 (1987))). "*In the absence of an explicit statutory authorization, a trial court has no discretion under Fed. R. Civ. P. 54(d) to tax the actual costs of expert witness fees.*" *Id.* (quoting *Chaparral Res.*, 849 F.2d at 1292). Defendants point to no "explicit statutory authorization" that allows the Court to tax expert witness fees. They cite *Ysasi v. Brown*, but there the court awarded expert witness fees under 42 U.S.C. § 1988, which would not apply in this case.[1] *See* No. CIV 13-0183 JB/CG, 2015 WL 403930, at *56–57 (D.N.M. Jan. 7, 2015) ("Even though Ysasi cannot recover costs [for expert witness fees] under the local rules, § 1988 provides the Court with broader authority to award costs.") (citation omitted). Because Defendants have not identified any statute that would allow the Court to tax expert witness fees, the Court will not award the $640.00 requested for Dr. Vilke.

---

[1] 42 U.S.C. § 1988 allows the Court to award "the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b). The Court may include "expert fees as part of the attorney's fee." *Id.* § 1988(c). "A prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Jane L. v. Bangerter*, 61 F.3d 1505, 1513 (10th Cir. 1995) (citations omitted). Defendants make no such allegation here.

**B.      Deposition Costs**

Defendants ask for $5,483.70 for the depositions of the Individual Defendants, Plaintiffs' witnesses, and other FPD employees the Plaintiffs deposed. (Doc. 101 at 3.) Under Local Rule 54.2(b)(2), the Court may award deposition costs where the depositions were "reasonably necessary to the litigation . . . ." D.N.M. LR-Civ. 54.2(b)(2). The Rule provides:

> A deposition is reasonably necessary to the litigation when:
>
> (A)   a substantial portion of the deposition is admitted into evidence or used at trial for impeachment purposes;
> (B)   the deposition is used by the Court in ruling on a motion for summary judgment; or
> (C)   the Court so determines.

*Id.* 54.2(b)(2)(A)–(C).

Plaintiffs do not object to the costs claimed for the Individual Defendants (Wood, Moore, Griggs, and Prince), but they argue that the remaining depositions were not "reasonable and necessary to Defendants' [motion for summary judgment] nor . . . admitted into evidence or used for impeachment." (Doc. 105 at 2.) Plaintiffs argue that these depositions were not "reasonably necessary to the litigation of the case." (*Id.* (quoting *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1246 (10th Cir. 1988), *implied overruling on other grounds recognized by Anixter v. Home-Stake Prod. Co.*, 77 F.3d 1215, 1231 (10th Cir. 1996)).) Defendants respond that the disputed depositions "were necessary to prepare the defense of the case, if Defendants had not prevailed on the dispositive motion." (Doc. 108 at 3.)

   **1.      Plaintiffs' Witnesses' Depositions**

Defendants seek costs associated with the Plaintiffs' witnesses' depositions, including Tamara Turner, Walter Turner, Randy Turner, Leonardo Roybal, and Linda Roybal. (*See* Doc. 101 at 3.) Regarding Walter and Tamara Turners' depositions, Plaintiffs argue that Defendants cited

5

one page of each deposition in support of their position on Plaintiffs' state law loss of consortium claims, which the Court declined to consider after dismissing the federal claim. (*See* Doc. 105 at 3; *see also* Doc. 97 at 24.) Further, Defendants cited these two depositions to show that the Turners "agreed with the description of their son as an alcoholic." (*See* Doc. 105 at 3–4 (citing Doc. 51 at 8).) Defendants contend that this information was material as it "established and admitted the fact that Daniel Turner . . . was an alcoholic." (Doc. 108 at 3.) They further argue that "the Court cited [Turner's] alcoholism as a contributing factor to his demise." (*Id.* at 4 (citing Doc. 97 at 7–8).) Again, the Court disagrees that the Turners' deposition testimony, which the Court did *not* cite in its Opinion, had any bearing on its ultimate decision. Instead, the Court quoted the OMI Report, which stated that Turner "had a past medical history of alcohol and drug abuse[,]" and "autopsy findings included . . . fatty changes of the liver (commonly associated with alcohol abuse)." (Doc. 97 at 7 (quoting Doc. 51-F at 2).) The Court agrees with Plaintiffs that the fact that Turner was an alcoholic was neither "relevant [n]or material to the [Court's] ruling" on summary judgment. (*See* Doc. 105 at 4 (citation omitted).)

Regarding the depositions of Plaintiffs' other witnesses (Randy Turner, Leonardo Roybal, and Linda Roybal), Plaintiffs argue that costs should not be awarded as they were all taken by Defendants, they were "solely for discovery" or for Defendants' convenience, and Defendants did not use them in their motion or reply briefs. (*Id.* at 5.) Defendants deny that the depositions were for their convenience. (*See* Doc. 108 at 4.)

The Court finds that the depositions of Plaintiffs' witnesses were not "reasonably necessary" under the "more stringent" standard of Local Rule 54.2(b)(2)(A) or (B). *See Hernandez v. George*, 793 F.2d 264, 269 (10th Cir. 1986). The depositions were not admitted into evidence or used at trial, and the Court did not use them in ruling on Defendants' motion for summary

6

judgment. *See* D.N.M. LR-Civ. 54.2(b)(2)(A)–(B). The Court has discretion, however, to determine that they were otherwise reasonably necessary to the litigation under D.N.M. LR-Civ. 54.2(b)(2)(C). *See Billy v. Curry Cty. Bd. of Cty. Comm'rs*, No. 2:13-CV-0032 MCA/LAM, 2015 WL 12990789, at *2 n.3 (D.N.M. Sept. 11, 2015) (noting that D.N.M. LR-Civ. 54(b)(2)(C) "gives the Court wide discretion to determine when a deposition is reasonably necessary"). The Court would be hard-pressed to find that depositions of parties to a lawsuit were not "reasonably necessary" to the litigation. Thus, the Court will award the costs for the depositions of Walter and Tamara Turner ($2,953.02) and Randy Turner ($452.97). (*See* Doc. 101-A at 1.)

The Court finds, though, that Defendants have not established that the depositions of Leonardo and Linda Roybal, which were not discussed in the parties' briefs on summary judgment, were reasonably necessary. Defendants offer no explanation to "convince the Court that these depositions were not taken solely for discovery" or were otherwise reasonably necessary to this lawsuit. *See Casias v. Dep't of Corr.*, No. 1:16-CV-00056 JMC/SCY, 2019 WL 2881007, at *8 (D.N.M. July 3, 2019) (citing *Furr v. AT&T Tech., Inc.*, 824 F.2d 1537, 1550 (10th Cir. 1987)). Thus, the Court will not allow those costs ($794.03). (*See id.*)

### 2.   FPD Employees' Depositions

Finally, Defendants seek costs associated with depositions Plaintiffs took of Farmington Police Department employees, including Dennis Ronk, Justin Anaya, Nicholas Bloomfield, and Andrew Gilbert. (*See* Doc. 101 at 3.) Again, Plaintiffs argue that Defendants did not cite these depositions in their motion or reply briefs. (Doc. 105 at 5.) Defendants argue *Plaintiffs* noticed all four depositions and cited them in their response to Defendants' motion for summary judgment, putting them at issue and thus making them necessary. (*See* Doc. 108 at 4.) The Court agrees that Plaintiffs cited to the depositions of Dennis Ronk and Nicholas Bloomfield. (*See, e.g.*, Doc. 63 at

9, 11.) Moreover, the Court discussed Nicholas Bloomfield's deposition in its Opinion. (*See* Doc. 97 at 9.)

Because Plaintiffs noticed the depositions of Farmington Police Department employees and discussed two of them in their response brief, the Court finds that it was reasonably necessary for Defendants to request copies of the depositions for litigation. Accordingly, the Court will award the costs for these depositions: $406.69. (*See* Doc. 101-A at 1.)

### C. Travel Costs

Defendants request $466.37 in costs their counsel spent on mileage and two overnight stays "to prepare the Individual Defendants for deposition and to defend their depositions . . . ." (Doc. 101 at 4.) Plaintiffs object to the attorney's travel expenses. (Doc. 105 at 7.) They contend that "[t]he modern practice in federal court is to not award attorney travel expenses incurred to attend a deposition, absent exceptional circumstances." (*Id.* (quoting *Perales v. St. Vincent Hosp.*, No. CIV 98-245 MV/DJS, 1999 WL 35808370, at *3 (D.N.M. Oct. 18, 1999)).) Defendants argue that it was essential for their attorney to personally attend the deposition and cite to a 1943 Arizona state court case in support of their position. (Doc. 108 at 6 (citing *Young's Mkt. Co. v. Laue*, 141 P.2d 522, 524 (Ariz. 1943)).)

"Delivery charges, attorney travel expenses, and fees for expert witnesses not appointed by the Court might be recoverable as part of an award of attorneys' fees if they are reasonable and necessary expenses that would normally be charged to the client." *United States v. Regents of N.M. State Univ.*, No. 16-CV-911-JAP-LF, 2018 WL 6833402, at *2 (D.N.M. Dec. 28, 2018) (citing *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1259 (10th Cir. 2005)). But here, Defendants have not requested attorneys' fees, nor have they shown that such an award would be proper. "Without a fee award, Defendant is not entitled to compensation for miscellaneous expenses of litigation, no

8

matter how necessary or reasonable." *See id.* Thus, the Court will not award the $466.37 requested for the attorney's travel expenses.

### III. Conclusion

The Court will award the following amounts as costs:

- **$4,689.67** for the depositions of the Individual Defendants Zach Wood and Mark Moore ($339.27) and Jesse Griggs and James Prince ($537.72); Plaintiffs Tamara Turner and Walter Turner ($2,953.02) and Randy Turner ($452.97); and Farmington Police Department employees Dennis Ronk, Justin Anaya, Nicholas Bloomfield, and Andrew Gilbert ($406.69). (*See* Doc. 101-A at 1.)
- **$21.58** for delivery to the Court of a flash drive.[2] (*See* Doc. 101-A at 9.)

**Total: $4,711.25**

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Tax Costs (Doc. 101) is **GRANTED IN PART**. The Court awards Defendants **$4, 711.25** in costs.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE

---

[2] Plaintiffs point out that Defendants' requested cost for delivery of the flash drive ($23.28) appears to represent the $21.58 delivery fee plus a gross receipts tax of $1.70. (*See* Doc. 105 at 2 n.1 (citing Doc. 101-A at 1, 9).) Plaintiffs contend that "Defendants are not entitled to recover gross receipts tax on a cost that already includes gross receipts tax." (*Id.*) Defendants do not respond. Thus, the Court will award the cost Defendants spent on delivery: $21.58. (*See* Doc. 101-A at 9.)